IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **VASIE JOE COONS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 21-1245-KHV-GEB |
| ) | |
| **COMCARE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

This matter is before the Court on Plaintiff Vasie Joe Coon's Motion for Appointment of Counsel (**ECF No. 4**). For the reasons outlined below, Plaintiff's Motion is **DENIED**.

Parties unable to afford legal counsel are subject to 28 U.S.C. § 1915(e)(1), which provides discretionary authority for the Court to "request an attorney to represent any person unable to afford counsel."[1] But there is no constitutional right to counsel in a civil action.[2] In its broad discretion, the Court evaluates multiple factors when deciding whether to request an attorney for an indigent party.[3] In *Castner v. Colorado Springs Cablevision*,[4] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) the plaintiff's ability to afford counsel; (2) the plaintiff's

---

[1] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).

[2] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).

[3] *Jackson*, 2014 WL 494789, at *1.

[4] 979 F.2d 1417, 1420-21 (10th Cir. 1992).

diligence in searching for counsel; (3) the merits of the plaintiff's case; and (4) the plaintiff's capacity to prepare and present the case without the aid of counsel. Additionally, the law requires a plaintiff to state a viable claim for relief and the court must have subject matter jurisdiction over that claim.

Thoughtful and prudent care in appointing representation is necessary so willing counsel may be located,[5] but consideration of the Court's growing docket, the increase in pro se filings, and the limited number of attorneys willing to accept appointment is also paramount.[6]

After careful consideration, the Court declines to appoint counsel to represent Plaintiff. He does not satisfy the first prong of the *Castner* analysis—his inability to afford counsel—through his financial affidavit provided with his motion to proceed *in forma pauperis*. As noted by separate order, Plaintiff's financial affidavit is unclear regarding his net household income and expenses. (Recommendation, ECF No. 8; Motion, ECF No. 3, *sealed*.) Although he indicates he receives Social Security benefits, he lists no monthly expenses for which he is responsible, giving this Court an unclear picture of his finances. (*Id.*)

Plaintiff does satisfy the second prong of the analysis—diligence in searching for counsel. His motion includes the names and contact information for six different law firms

---

[5] *Castner,* 979 F.2d at 1421.
[6] *Jackson,* 2014 WL 494789, at *3.

Plaintiff contacted by phone for potential representation. It appears he has reasonably satisfied the requirement to confer with attorneys about his case.[7]

However, the Court has serious concerns regarding the third and fourth *Castner* factors. The Court questions its ability to adjudicate Plaintiff's claims, as explained in the Report and Recommendation (ECF No. 8) filed simultaneously with this order. In the Report, the Court recommends this case be dismissed due to Plaintiff's failure to state a claim upon which relief may be granted. And, his case does not appear unusually complex, giving the Court no serious indication of why he is unable to adequately present the case on his own.

This Court has an obligation to counsel who are willing to take appointments not to make indiscriminate appointments on every occasion that a plaintiff seeks court-ordered counsel.[8] The Court recognizes that "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[9] as the case progresses. Postponing a decision to appoint counsel allows the Court to gain more information about both the merits of Plaintiff's claims and his ability to present this case to the Court.[10] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself

---

[7] *See Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, WL 109694, at 2 (D. Kan. 1997). (holding that plaintiff must actually make an effort to ascertain whether an attorney will take a case, mere pretense of contact is not enough)
[8] *Id.* at 2.
[9] *Jones v. Maritz Rsch. Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014) (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C.Cir.1998)).
[10] *Id*. (citing *Ficken,* 146 F.3d at 981).

both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[11]

Under the circumstances, the factors weigh against seeking an attorney to represent Plaintiff at this time. **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 20th day of December 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[11] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *2-4 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).